FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2010 SEP 13 PM 2: 11

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

PHILLIP JEAN BAPTISTE,

    Petitioner,

vs.

WARDEN, FPC - JESUP,

    Respondent.

CIVIL ACTION NO.: CV210-091

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Phillip Jean Baptiste ("Baptiste"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Baptiste filed a traverse. For the reasons which follow, Baptiste's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

In 1997, Baptiste was charged by federal indictment with conspiring to import and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, 952(a), and 963. (CR197-833, S.D. Fla., Doc. No. 3). In 1999, Baptiste was found guilty on all counts after a jury trial, (Id. at Doc. No. 222), and sentenced to 235 months' imprisonment. (Id. at Doc. No. 294). On appeal, Baptiste's conviction and sentence were affirmed. (Id. at Doc. No. 326). In 2002, Baptiste filed a 28 U.S.C. § 2255 motion, raising a number of claimed defects in his conviction and sentencing. (Id. at Doc. No. 328). Among Baptiste's arguments was that his sentence was unconstitutional due to the failure of the

AO 72A
(Rev. 8/82)

government to charge a specific drug quantity in the indictment and the failure of the jury to find, beyond a reasonable doubt, a specific drug quantity—the same assertions he makes in the instant petition. (See id.). The court denied the motion and rejected Baptiste's claim on its merits, stating, "In his third claim, Baptiste asserts that his sentence is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000) . . . . A sentence which falls below the statutory maximum . . . is not subject to reversal due to Apprendi, regardless of whether the sentence was increased due to an uncharged fact. (CV102-23017, S.D. Fla., Doc. No. 18, p. 4). In 2005, Baptiste filed a motion pursuant to 18 U.S.C. § 3582 to reduce his sentence. (CR197-833, S.D. Fla., Doc. No. 335). In that motion, Baptiste again claimed that he was sentenced unconstitutionally, this time in violation of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), because the indictment failed to charge, and the jury failed to find, beyond a reasonable doubt, that the offense involved any specific quantity of cocaine. (Id.). That motion was denied as a second or successive § 2255 motion. (Id. at Doc. No. 340).

In the instant motion, Baptiste alleges that he was convicted of a nonexistent offense because no drug quantity was alleged in the indictment or found by the jury at trial. (Doc. No. 1). Baptiste also claims that he was unconstitutionally sentenced above the statutory maximum. (Id.).

Respondent avers that Baptiste has not shown that he is entitled to use § 2255's savings clause to proceed under § 2241, and that Apprendi does not apply retroactively to cases on collateral review. (Doc. No. 5).

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Courts that have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473,

475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Baptise has failed to indicate why § 2255 is an ineffective remedy. Also, he bases the claims set forth in his petition on the Supreme Court's decision in Apprendi.[1] However, the Supreme Court has not made its decision in Apprendi retroactively applicable to cases on collateral review so as to allow the filing of a second or successive § 2255 motion. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Moreover, the Eleventh Circuit has specifically held that Apprendi does not apply retroactively in the context of a § 2241 petition. Dohrmann v. United States, 442 F.3d 1279, 1281 (11th Cir. 2006).

---

[1] The undersigned recognizes Baptiste's assertion that his claims are also based on Jones v. United States, 526 U.S. 227 (1999), Castillo v. United States, 530 U.S. 120 (2000), and Harris v. United States, 536 U.S. 545 (2002). These decision are of no assistance to Baptiste, as his claims based on these decisions are no different than claims based on the decisions in Apprendi and its progeny.

Additionally, Baptiste has failed to show he was convicted of a nonexistent offense based on a Supreme Court decision. Finally, Baptiste has not established that circuit law foreclosed his claims on earlier occasions. In fact, Baptiste unsuccessfully made the same claims in his previously filed post-conviction motions as he does in the instant petition. Simply because the trial court denied Baptiste's previously filed motions does not render § 2255's remedy inadequate or ineffective. Baptiste has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244.

Baptiste cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Baptiste is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Baptiste's § 2241 motion be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 13th day of September, 2010.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE